Valerie **BENNETT**, Plaintiff–Appellant,

v.

Marie **SCHMIDT**, et al., Defendants–Appellees.

No. 97–4198.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 5, 1998.

Decided Aug. 31, 1998.

Douglas M. Grimes (argued), Gary, IN, for Plaintiff–Appellant.

Thomas J. Canna, John F. Canna, Dawn M. Hinkle (argued), Canna & Canna, Orland Park, IL, for Defendants–Appellees.

Before BAUER, HARLINGTON WOOD, JR., and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

The district court dismissed this employment-discrimination case, 1997 WL 760495, 1997 U.S. Dist. LEXIS 19034, ruling that, at 12 "repetitious, rambling, and disorganized" pages, the complaint is not "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed.R.Civ.P. 8(a)(2). Because the complaint did not lay out facts that would be essential to support a decision for plaintiff on the merits, the district judge also dismissed it under Fed. R.Civ.P. 12(b)(6). The tension between these two reasons—which imply that the complaint is simultaneously too long and too short—has led to plaintiff's appeal.

Twelve pages is longer than the model complaints appended to the Rules of Civil Procedure, and we agree with the district court that most averments after page five could have been omitted. By page five the complaint has told us who the plaintiff is, what position the defendants occupy (members of the Board of Directors of School District 15 in DuPage County, Illinois), stated that the plaintiff was turned down for teaching jobs at District 15, and asked to proceed on behalf of a class of similarly situated applicants. The essential allegations that make these events into a "claim for relief"—that Bennett was qualified and that she "was not permitted to interview for the position(s) because of her race"—appear on page five. Page 12 contains the demand for relief. The intervening six pages add detail (much of it repetitive, though some is potentially applicable to the class aspect), state that plaintiff wants to pursue a disparate-impact theory as well as a disparate-treatment claim, and assert four separate claims

that appear to be different legal characterizations of the same events.

■ Complaints need not plead law or match facts to every element of a legal theory, so most averments in these six pages were unnecessary. See *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073 (7th Cir. 1992). But "[a]ll pleadings shall be so construed as to do substantial justice." Fed. R.Civ.P. 8(f). This objective is defeated if excess length becomes a fatal misstep. Prolixity is a bane of the legal profession but a poor ground for rejecting potentially meritorious claims. Fat in a complaint can be ignored, confusion or ambiguity dealt with by means other than dismissal. It takes a lot worse than using 12 pages to set out a claim that could have been stated in 6 pages to justify a dismissal under Rule 8(a). See *In re Westinghouse Securities Litigation*, 90 F.3d 696, 702–03 (3d Cir.1996) (600 paragraphs spanning 240 pages); *Kuehl v. FDIC*, 8 F.3d 905, 905 (1st Cir.1993) (358 paragraphs, containing 36 repetitive claims, in 43 pages); *Michaelis v. Nebraska State Bar Association*, 717 F.2d 437, 439 (8th Cir.1983) (144 paragraphs in 98 pages). Twelve pages of gibberish is no better than 240, so it may be appropriate to dismiss a short complaint under Rule 8 because it is not "plain". It is even possible to justify dismissal with prejudice if the complaint remains incomprehensible after opportunity to amend. See Charles Alan Wright & Arthur R. Miller, 5 *Federal Practice and Procedure* § 1216 (2d ed.1990) (collecting cases). Bennett's complaint could be improved, but it is intelligible and gives the defendants notice of the claim for relief.

As for Rule 12(b)(6): a requirement that complaints contain all of the evidence needed to prevail at trial, or at least all the facts that would have been required under the pre–1938 system of code pleading, would induce plaintiffs to violate Rule 8(e) ("Each averment of a pleading shall be simple, concise, and direct") by larding their complaints with facts and legal theories. The Rules of Civil Procedure make a complaint just the starting point. Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving—if the claim is unclear, by requiring a more definite statement under Rule 12(e), and if the claim is clear but implausible, by inviting a motion for summary judgment.

■ Because racial discrimination in employment is "a claim upon which relief can be granted", this complaint could not be dismissed under Rule 12(b)(6). "I was turned down for a job because of my race" is all a complaint has to say. Because success on a disparate-treatment approach under Title VII of the Civil Rights Act of 1964, or under the equal protection clause of the fourteenth amendment, enforced via 42 U.S.C. § 1983, requires proof of intentional discrimination, a plaintiff might want to allege intent—although this is implied by a claim of racial "discrimination". Rule 9(b) provides: "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Bennett's complaint contains a general allegation of intent, which need not be elaborated. See *Nance v. Vieregge*, 147 F.3d 589 (7th Cir.1998). To the extent the district court required plaintiff to include in the complaint allegations sufficient (if proved) to prevail at trial, the court imposed a requirement of fact-pleading. But as we said of another claim of employment discrimination: "a complaint is not required to allege all, *or any*, of the facts logically entailed by the claim.... A plaintiff does not have to plead evidence.... [A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing." *American Nurses' Association v. Illinois*, 783 F.2d 716, 727 (7th Cir.1986) (emphasis added).

■ Defendants urge on us another supposed defect in the complaint. They observe that the complaint seeks relief under state as well as federal law but that it does not identify any "state causes of action." This is a defect, however, only if a complaint must identify legal theories. It need not. This is *the* difference between notice pleading and code pleading; abandonment of code pleading is the fundamental choice behind Rule 8, the reason why it does not contain the phrase "cause of action," a term of art in code-pleading days. *Reishauer* discusses this history. Defendants received notice that Bennett believed that their refusal to hire her

was racial discrimination; that is all the notice a complaint has to convey. A general reference to state law would not support, say, a claim that Bennett slipped on ice and was injured while applying for a job, for the complaint does not give notice about any claim other than employment discrimination; but having stated a discrimination claim the complaint need not offer specifics about which rules of law, state or federal, racial discrimination offends.

Pressure from the flux of cases makes early disposition of weak claims attractive, freeing judicial time for others that appear to have superior prospects. Matters that formerly were tried now are resolved by summary judgment. But the next time-saving step—resolving under Rule 12(b)(6) matters that formerly were handled by summary judgment—is incompatible with the Rules of Civil Procedure. Litigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's *proof* leads to windy complaints and defeats the function of Rule 8. See, e.g., *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Nance*, 147 F.3d at 590; *Cook v. Winfrey*, 141 F.3d 322 (7th Cir.1998); *Albiero v. Kankakee*, 122 F.3d 417, 419 (7th Cir.1997); *Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 78–79 (7th Cir.1992).

Litigants may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail. Nothing in Bennett's complaint shows that defendants are entitled to victory, however. The district court thought that Bennett's disparate-impact data were outdated and used the wrong reference population, not that they conclusively establish the lawfulness of defendants' practices; better data might be gathered during discovery. And nothing in the complaint suggests that Bennett will encounter difficulty in proving *intentional* discrimination (disparate treatment); this territory is so far unexplored.

■ Defendants ask us to affirm the judgment on grounds that the district court did not reach. One is that Bennett's administrative charge under Title VII did not include a disparate-impact claim. Another is that the only defendants named in the caption of the amended complaint are the members of the school board (expressly sued in their "individual capacities" to avoid problems under the eleventh amendment), while Title VII provides for liability only of the school district as the employer. See *Williams v. Banning*, 72 F.3d 552 (7th Cir.1995). Cf. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976) (no eleventh amendment obstacle to suit against state or state agency under Title VII). Neither of these grounds would support affirmance across the board—the § 1983 theory would remain for decision. The scope of the charge in relation to the scope of the suit is something the district judge should address in the first instance, and it is premature to do so until the theory of relief has been explicated more fully than it need be in a complaint. Failure to name the employer as a defendant is a more readily apparent shortcoming, but here too things are complex. The first two iterations of the complaint *did* make the employer a party—not directly, but by naming the members of the school board in their official capacity, which is the same thing as naming the school district. See *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Paragraph 5 of the amended complaint, a vestige of these initial versions, refers to "defendant school district". This is not enough to make it a defendant today—for it is missing from the caption, which must contain the names of all parties, see Fed.R.Civ.P. 10(a)—but it could be restored by a further amendment. Suing the board members in their official capacities may have satisfied the statute of limitations, cf. Fed.R.Civ.P. 15(c), though at oral argument neither counsel knew whether the school district had been served with process. Because the case must be remanded to the district court for proceedings on the § 1983 theory, we think it prudent to return all of the issues to that court.

What should be the district court's first order of business on remand is the complaint's class allegation. Despite Fed. R.Civ.P. 23(c)(1)—"As soon as practicable af-

ter the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained."—the district court entered final judgment without determining whether class status is appropriate. Perhaps Bennett is a poor representative of other disappointed applicants; perhaps there are other obstacles to class certification. But everyone (including the putative class members) is entitled to know promptly whose interests are on the line.

VACATED AND REMANDED.