165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Terry S. JOHNSON, Plaintiff-Appellant,
v.
Nancy PEEK, et al., Defendant-Appellee.
 No. 97-2483.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 20, 1998*.
Decided Oct. 23, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. No. IP 96-160-C-H/G. David F. Hamilton, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. JOEL M. FLAUM, Hon. FRANK H. EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 In February 1996, Indiana Prisoner Terry S. Johnson filed a complaint under 42 U.S.C. § 1983 alleging that personnel at the Pendleton Correctional Facility ("PCF") deliberately denied him medical treatment, and that an employee working in the facility's mail room opened and inspected his legal mail outside his presence. The district court permitted Johnson to proceed in forma pauperis against mail room supervisor Nancy Peek, but dismissed his deliberate indifference claims under former 28 U.S.C. § 1915(d) without ordering service on the PCF personnel named as defendants. The district court subsequently granted Peek's motion for summary judgment. Johnson appeals both the partial dismissal under § 1915(d) and the grant of summary judgment to Peek. We affirm.
 
 I.
 
 2
 In five of the six claims Johnson included in his original complaint, he alleged that PCF personnel subjected him to cruel and unusual punishment in violation of the Eighth Amendment by deliberately ignoring his serious medical needs stemming from a back injury and eye surgery. Johnson alleges that while incarcerated he injured his back in a work-related accident. In his complaint, Johnson states that during October 1994, doctors examined him six times, fitted him for a back brace, provided him with crutches and prescribed pain medication for him. Johnson alleges that the defendants deliberately denied him previously-prescribed crutches and proper or adequate pain medication, failed to order a CT scan and MRI to confirm a diagnosis, and delayed Johnson's back surgery. While Johnson was in the infirmary at PCF, he claims defendant Mauro E. Chavez withheld his crutches for two days, for security reasons. Johnson states in his complaint that as soon as he was released from the infirmary and returned to his cell, his crutches were returned to him. Johnson further alleges that later in the course of treatment, Chavez took his crutches and gave him a cane after doctors had determined that Johnson did not have any neurological deficit symptoms and needed to be weaned from the crutches. Johnson says that throughout the course of his treatment for his injured back, defendant Chavez continued to prescribe pain medication for him. Johnson contends that when he complained to Chavez that he was not getting any relief from the medication and needed a stronger prescription, Chavez ordered an electromyogram test of Johnson's upper and lower extremities. Due to his unrelieved pain, Johnson requested back surgery in early 1995. According to Johnson's complaint, the surgery was performed on June 21, 1995.
 
 
 3
 Johnson also had surgery for an implant replacement of his left eye and afterward received from his surgeon a referral for a prosthesis and special glasses. In his complaint, Johnson alleges that the defendants were deliberately indifferent to the surgeon's recommendation. When Johnson submitted a health care request form to the infirmary regarding the special glasses and left eye prosthesis, he claims defendants informed him that nothing could be done about his prosthesis until the matter of Johnson's grievance and tort claim was resolved.
 
 
 4
 Johnson also alleges that Peek either opened his legal mail outside of his presence herself or directed her staff to do so, thus violating his constitutional rights to privacy, to be free from cruel and unusual punishment, and to access to the courts and counsel as guaranteed by the First, Fourth, Fifth, Eighth and Fourteenth Amendments. According to the complaint, in February and March of 1995, Johnson received four pieces of legal mail which had been unsealed and taped shut. Johnson claims that twice in March 1995, he wrote notes to the mail room at PCF complaining that his legal mail had been opened and inspected outside of his presence. Johnson contends that defendant Peek wrote him a memorandum replying that no one in the mail department had opened his mail. Peek declared that no one on her staff would have any reason to open Johnson's legal mail. Johnson further alleges that she advised him that she would investigate whether his mail was being opened after it left the mail department.
 
 
 5
 In dismissing Johnson's Eighth Amendment deliberate indifference claims as frivolous, the district court found that there was "nothing in the complaint or its supplement which demonstrates anything other than continual, conscientious attention to and treatment of plaintiff's medical needs." The district court granted Peek summary judgment because Johnson lacked sufficient evidence to support his claim. The court entered judgment as to all parties and claims on June 2, 1997. Johnson filed a timely notice of appeal on June 11, 1997.
 
 II.
 
 6
 To prevail on a claim under section 1983 for inadequate medical care, an inmate must show a "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) Claims of negligent treatment or medical malpractice or claims based on differences of opinion as to matters of medical judgment are insufficient to state a claim under section 1983. Estelle, 429 U .S. at 106-07. A serious medical need is defined as one that a physician has diagnosed as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention. Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir.1997).
 
 
 7
 Because the district court dismissed Johnson's deliberate indifference claims under § 1915(d)[1] for frivolousness, we review that determination for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
 
 
 8
 With respect to Johnson's back injury, the district court clearly did not abuse its discretion. In fact, by including more than enough information for his ow good, Johnson has pleaded himself out of court. Bennett v. Schmidt, 153 F.3d 516, 519 (7th Cir.1998) ("Litigants may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail.") According to the allegations in Johnson's complaint, rather than being deliberately indifferent to his need for medical treatment due to his back injury, the defendants continued to minister to Johnson's medical needs and treat his injured back from the time of the accident in September 1994 through early 1996, shortly before he filed his complaint. Johnson complains, not about a lack of medical care as the Eighth Amendment requires, but about the medical care he received. Under the facts alleged here, his dissatisfaction with the speed and adequacy of the medical care he received for his injured back does not constitute a constitutional claim. The district court correctly found that Johnson's Eighth Amendment medical claims stemming from his back injury were frivolous.
 
 
 9
 With respect to Johnson's claim concerning the prescribed eye prosthesis, we agree with the district court that the claim was frivolous, but for a different reason. In the complaint before the district court, Johnson alleges that the defendants knew that his surgeon had recommended an eye prosthesis for him, but deliberately chose not to obtain one. Nothing in Johnson's complaint suggests that the defendants had a medical reason why he could not have the left eye prosthesis. Furthermore, as alleged in Johnson's complaint, the left eye prosthesis meets our definition of a serious medical need since his surgeon recommended he obtain one. Gutierrez, 111 F.3d at 1373. Thus, Johnson's claim is not legally frivolous. Neither is Johnson's left eye prosthesis claim factually frivolous. A claim is factually frivolous when it is "clearly baseless." Neitzke, 490 U.S. at 327. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Denton, 504 U.S. at 33. The facts Johnson alleged in his complaint are not irrational or wholly incredible.
 
 
 10
 Nonetheless, we affirm the dismissal of this claim because Johnson, in the appendix to his brief, provided us with additional documents demonstrating that, in fact, the prosthesis claim was frivolous. In the appendix, Johnson has included a copy of a memo in which one of the defendants informs him that the Department of Corrections Medical Director had authorized a spacer for his left eye, but would not provide him with a prosthesis since it is for cosmetic purposes only. Thus, even though the district court should have allowed Johnson's left eye prosthesis claim to go forward given the misleading allegations in the complaint before it, we affirm the district court's decision because Johnson now has disclosed that the left eye prosthesis is for cosmetic purposes only and, as such, not a serious medical need. By including more than enough information for his own good in the appendix to his appellate brief, Johnson has pleaded himself out of court.
 
 
 11
 Turning to Johnson's claim against Peek, the Supreme Court has held that prison inmates have a constitutional right to be present when their legal mail is opened. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). However, for Peek to be individually liable for the alleged constitutional violation under 42 U.S.C. § 1983, Johnson must establish that Peek was personally responsible for opening his legal mail. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir.1995). For Peek to be liable as a supervisor, Johnson must prove that Peek directed that his legal mail be opened or that it was done with Peek's knowledge and consent. Id.
 
 
 12
 This Court reviews the district court's grant of summary judgment de novo. Patterson v. Chicago Association for Retarded Citizens, 150 F.3d 719 (7th Cir.1998). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, if any, demonstrate that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Id.
 
 
 13
 In support of her motion for summary judgment, Peek tendered a declaration stating that she oversees the operation of the mail room at PCF, that she did not personally open Johnson's legal mail, and that she does not have any personal knowledge about any incidents involving Johnson's legal mail. Once Peek had made this preliminary showing, Johnson had to point to some evidence in the record that established a pending dispute of material fact. Davidson v. Midelfort Clinic, Ltd., 133 F.3d 499, 505 (7th Cir.1998). This Johnson failed to do. In his response to Peek's motion for summary judgment, Johnson offered as evidence of Peek's knowledge his notes to the mail room regarding his opened legal mail and Peek's response to him acknowledging receipt of his notes and advising him that she would investigate. However, while these notes prove that Peek was aware that Johnson was complaining that his legal mail was being opened, they do not refute Peek's assertion that she was not personally responsible. Since Johnson did not come forward with any evidence raising a dispute as to the material fact that Peek opened his legal mail herself or directed others to do so, Peek was entitled to summary judgment.
 
 
 14
 Accordingly, we AFFIRM the judgment of the district court. Moreover, the appeal is frivolous and, therefore, counts as a strike under 28 U.S.C. § 1915(g). See Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996.)
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(e); Cir. R. 34(f)
 
 
 [1]
 The Prison Litigation Reform Act (PLRA) redesignated § 1915(d) to § 1915(e) and mandated that a district court "shall dismiss the case" if among other things the action is frivolous. However, § 1915(e) does not apply, since Johnson filed his complaint and the district court dismissed his Eighth Amendment medical treatment claims in February 1996, prior to the April 26, 1996, effective date of the PLRA