165 F.3d 31
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rosaura BOZICKOVICH, Plaintiff-Appellant,
v.
John HARPER, Defendant-Appellee.
 No. 97-2403.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 20, 1998*.
Decided Oct. 27, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 97 C 5138. Charles P. Kocoras, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. JOEL M. FLAUM, Hon. FRANK H. EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Rosaura Bozickovich, an employee at South Shore Hospital, sued hospital administrator and chief executive officer, John Harper, for intentional infliction of emotional distress. Jurisdiction was based on diversity. The district court dismissed Bozickovich's complaint with prejudice for failure to state a claim, and then denied Bozickovich's timely motion to reconsider. She appeals both decisions. We reverse.
 
 
 2
 Bozickovich alleges in her complaint that Harper intentionally inflicted emotional distress on her by threatening her, verbally abusing her, and ultimately terminating her employment. This conduct allegedly occurred after Bozickovich refused to return a set of doors that she had purchased from a hospital-owned house which was about to be demolished.
 
 
 3
 The district court dismissed the complaint with prejudice, stating that Bozickovich failed to allege "specific facts showing extreme and outrageous conduct by the defendant"; that she failed to allege "with specificity the content of the threats and harassment" or the length of time they persisted; and that her complaint contained "conclusions of fact, i.e., defendant threatened her, unsupported by specific instances of the challenged behavior." We review the grant of the motion to dismiss de novo. Wilczynski v. Lumbermens Mutual Casualty Co., 93 F.3d 397, 401 (7th Cir.1996).
 
 
 4
 To state a claim for intentional infliction of emotional distress claim under Illinois law, a plaintiff must allege that: 1) the defendant's conduct was extreme and outrageous; 2) the defendant either intended that his conduct inflict severe emotional distress, or knew that there was a high probability that his conduct would cause severe emotional distress; and 3) the defendant's conduct in fact caused severe emotional distress. Doe v. Calumet City, 161 Ill.2d 374, 204 Ill.Dec. 274, 641 N.E.2d 498, 506 (Ill.1994). Bozickovich's complaint contains all of the elements necessary under Illinois law to allege intentional infliction of emotional distress.
 
 
 5
 Furthermore, contrary to the district court's statements quoted above, federal notice pleading rules do not require Bozickovich's complaint to be more factually specific. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (holding that "heightened pleading standards" are contrary to the system of notice pleading); Jackson v. Marion County, 66 F.3d 151, 153 (7th Cir.1995) (holding that plaintiffs need not plead facts; they may plead conclusions, so long as those conclusions provide defendants with minimum notice of the claim). More to the point, we recently noted that federal notice pleading rules do not require that a complaint set forth every action which allegedly inflicted emotional distress. Cook v. Winfrey, 141 F.3d 322, 331-32 (7th Cir.1998).
 
 
 6
 Indeed, courts may not dismiss a complaint unless it appears beyond doubt that no set of possible facts could be proved to support the plaintiff's allegations. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Bennett v. Schmidt, No. 97-4918, 153 F.3d 516, 1998 WL 546979 * 3 (7th Cir. August 31, 1998) ("Litigants are entitled to discovery before being put their proof ..."); Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir.1998) ("Plaintiffs need not plead facts or legal theories, it is enough to set out a claim for relief ...").
 
 
 7
 In this case, it does not appear beyond doubt that Bozickovich can prove no set of possible facts to support her allegations. In her complaint, Bozickovich alleges "threats," "verbal abuse," and the retaliatory termination of her job. We may hypothesize a situation where the nature of the alleged threats and abuse were so severe that, if proved, they would establish Bozickovich's claim for intentional infliction of emotional distress.
 
 
 8
 Bozickovich also alleges new facts in her motion to reconsider and her brief on appeal, where she describes how Harper "blackballed" her for theft to future employers and damaged her reputation. This court considers such new facts where they are consistent with the complaint and show that the complaint should not have been dismissed. Dawson v. General Motors Corp., 977 F.2d 369, 372 (7th Cir.1992); Orthmann v. Apple River Campground, Inc., 757 F.2d 909, 915 (7th Cir.1985). Again, Bozickovich does not elaborate about the "blackballing" or the damage to her reputation, but the conduct alleged, if proved, may have been severe enough to establish Bozickovich's claim.
 
 
 9
 Bozickovich's complaint alleges the necessary elements of a claim for intentional infliction of emotional distress under Illinois law, and in doing so, puts the defendant on notice of her claim and the facts surrounding it. Under liberal federal notice pleading rules, it is possible that Bozickovich could establish her claim by proving the severity of Harper's alleged conduct, its intentional nature, and the effects of the conduct upon her.
 
 
 10
 REVERSED and REMANDED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)