Roland M. ANDERSON, Plaintiff,

v.

LOCAL 165, INTERNATIONAL BROTH-ERHOOD OF ELECTRICAL WORK-ERS, and International Brotherhood of Electrical Workers, Defendants.

No. 98 C 3515.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 23, 1998.

Jerome F. Marconi, Jerome F. Marconi & Assoc., Chicago, IL, for Plaintiff.

Thomas W. Duda, Law Offices of Thomas W. Duda, Arlington Heights, IL, Hugh B. Arnold, Arnold & Kadjan, Chicago, IL, Elihu I. Leifer, Sherman, Dunn, Cohen, Leifer & Yellig, Washington, D.C., for Defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Roland Anderson brought this action against the International Brotherhood of Electrical Workers, Local Union 165 ("Local 165") and the International Brotherhood of Electrical Workers (the "IBEW") alleging claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Local 165 moves to dismiss the claims for lack of subject matter jurisdiction. Mr. Anderson moves to strike the motion to dismiss as a frivolous pleading. For the following reasons, the motion to dismiss is denied and the motion to strike is denied as moot.

Mr. Anderson was employed by the defendants from August, 1990 until May 1, 1997, when his employment was terminated. He claims that he was discriminated against and fired because of his age and because he suffered a stroke. The complaint alleges that the defendants are statutory employers under the ADEA and the ADA. In the motion to dismiss for lack of subject matter jurisdiction, Local 165 argues that it has less than 15 employees and therefore is not an employer within the meaning of the ADEA or the ADA. Local 165 submits numerous exhibits in support of this claim. According to Local 165, I do not have jurisdiction over Mr. Anderson's claim if it can show that it is not a statutory employer.

The Seventh Circuit has recently discussed this issue in two different cases. In *Sharpe v. Jefferson Distrib. Co.,* 148 F.3d 676 (7th Cir.1998), a Title VII case, the parties assumed that the number of employees is a jurisdictional issue to be decided under Federal Rule of Civil Procedure 12(b)(1). *Id.* at 677. The defendant did not argue that the district court incorrectly received evidence on the number of employees in determining whether the defendant was a statutory employer, and the Seventh Circuit decided to review the case as if there had been a bench trial. *Id.* at 678. Nonetheless, the court commented that "[a] plaintiff's inability to demonstrate that the defendant has 15 em-

ployees is just like any other failure to meet a statutory requirement. There is a gulf between defeat on the merits and a lack of jurisdiction." *Id.* at 677. The court reasoned that the number of employees is not the sort of question a court must raise on its own. *Id.* at 678.

More recently, the Seventh Circuit held that the absence of a statutory employer under the Labor Management Relations Act does not deprive a court of jurisdiction to hear a claim to enforce an arbitral award. *International Union of Operating Eng'rs, Local 150, AFL–CIO v. Rabine,* 161 F.3d 427, 430, 1998 WL 762439 at *2 (7th Cir.1998). The court explained that "[r]ather, a complaint which fails to allege the presence of such an employer fails to state a claim, and a plaintiff who fails to prove the presence of such an employer loses on the merits." *Id.*

The reasoning in *Sharpe* and *International Union* applies to Mr. Anderson's ADEA and ADA claims. The complaint alleges that Mr. Anderson was employed by the defendants, and that both defendants are statutory employers.[1] Mr. Anderson has presented "a non-frivolous claim under federal law; no more is necessary for subject-matter jurisdiction." *Sharpe,* 148 F.3d at 677. Therefore the motion to dismiss for lack of subject matter jurisdiction is denied. The motion to strike is denied as moot.

1. In response to the motion to strike, Local 165 argues that Mr. Anderson must allege the specific number of people that it employs and that Mr. Anderson must allege that he was employed by the IBEW and Local 165 rather than by the "defendants." The Federal Rules of Civil Procedure, however, are based on a system of notice pleading. Plaintiffs are not required to match facts with legal theories. *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998). In addition, there are only two defendants in this case. The complaint adequately alleges that Local 165 is a statutory employer and fairly gives both defendants notice of the claims against them.