United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued April 21, 2000 Decided May 5, 2000 

 No. 99-5311

 Roy W. Krieger, 
 Appellant

 v.

 Kathlynn G. Fadely, et al., 
 Appellees

 Appeal from the United States District Court 
 for the District of Columbia 
 (98cv01703)

 Roy W. Krieger, appearing pro se, argued the cause and 
filed the briefs for appellant.

 Mark B. Stern, Attorney, U.S. Department of Justice, 
argued the cause for appellees. With him on the brief were 
David W. Ogden, Acting Assistant Attorney General, and 
Wilma A. Lewis, U.S. Attorney.

 Before: Edwards, Chief Judge, Ginsburg and Randolph, 
Circuit Judges.

 Opinion for the Court filed by Circuit Judge Randolph.

 Randolph, Circuit Judge: After working for four years as a 
trial attorney in the Civil Division of the Department of 
Justice, Roy W. Krieger returned to private practice. The 
first law firm he joined went bankrupt. Six months later, 
Krieger found work at a second firm and remained there for 
a year before leaving to join a third. The third firm fired him 
after he had been there a little more than a year. Krieger 
believes Kathlynn Fadely, his immediate supervisor at Justice 
and his co-counsel in a lengthy trial still ongoing when he 
resigned, instigated his firing. His complaint named Fadely, 
the Justice Department and the United States as defendants.

 The Attorney General certified that Fadely was acting 
within the scope of her employment with respect to local law 
counts 1 through 6 and moved to substitute the United States 
for Fadely as a defendant under 28 U.S.C. s 2679(d)(1). Two 
days later, the district court issued an order directing the 
substitution.

 Krieger objects that the district court acted too precipitous-
ly, that the local rule entitled him to eleven days to respond, 
and that he was therefore improperly denied an "opportunity 
to be heard." Brief for Appellant at 10. He has a point. 
Krieger should have been heard, particularly since the effect 
of the substitution was to render the defendant--now the 
United States--completely immune on three counts (for defa-
mation--count 1--and interference with contract--counts 5 & 
6). See Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 
427-29 (1995); Williams v. United States, 71 F.3d 502, 505-06 
(5th Cir. 1995). The trouble for Krieger is that in the eleven 
months between the substitution and the dismissal of his 
complaint, he voiced not a word of protest to the district 
court. His objection to the substitution order appeared for 
the first time on appeal. Had he made his objection known to 
the district court, the problem could easily have been cured. 
The court could have vacated its order and treated the matter 
de novo, in light of whatever evidence and arguments Krieger 

then mustered. That Krieger had not objected immediately 
to the certification would not have been held against him. 
Rule 46 of the Federal Rules of Civil Procedure provides that 
"if a party has no opportunity to object to a ruling or order at 
the time it is made, the absence of an objection does not 
thereafter prejudice the party." See Insurance Servs. of 
Beaufort, Inc. v. Aetna Cas. & Sur. Co., 966 F.2d 847, 852 
(4th Cir. 1992). In any event, Krieger had a duty to speak 
out and make his objection known--if, in fact, he had an 
objection. We add the qualification because Krieger's silence 
may have been for tactical reasons: although the United 
States had immunity on some of the counts, it had a deeper 
pocket than Fadely on others. See Gutierrez de Martinez, 
515 U.S. at 427. Krieger's failure to object, for whatever 
reason, cannot be excused. To use the terminology of United 
States v. Olano, 507 U.S. 725, 732 (1993), his neglect in the 
district court at least "forfeited" his right to raise the issue in 
this court. Id. at 732; see also, e.g., Singleton v. Wulff, 428 
U.S. 106, 120 (1976); Doe v. DiGenova, 779 F.2d 74, 89 (D.C. 
Cir. 1985). We may go further and say, again in the Olano 
phrasing, that he "waived" the issue. 507 U.S. at 733. When 
the government moved to dismiss counts 1, 5 and 6 on the 
basis of its immunity, Krieger--rather than opposing on the 
ground that the United States was improperly substituted for 
Fadely--stated to the district court that he could "not in good 
faith oppose" the motion. Plaintiff's Response in Opposition 
to Defendants' Motion to Dismiss at 2.

 One of Krieger's other contentions relates to the district 
court's dismissal, for failure to state a cause of action, of 
count 8, which alleged that "[t]hrough the acts and omissions 
of Defendant Fadely within the scope of her employment, 
Defendant DOJ wrongfully disclosed to unauthorized persons 
records concerning Plaintiff subject to protection under the 
Privacy Act, 5 U.S.C. s 552a(b)." Earlier paragraphs, incor-
porated by reference, alleged that Fadely had precipitated 
Krieger's firing by "secretly" calling the senior partner in 
Krieger's firm and telling him that Krieger's performance at 
the Justice Department "had been deficient." The district 
court dismissed count 8 on the basis that Krieger failed to 

"identify any 'records' or arguably confidential information 
that has been wrongly disclosed." Krieger v. Fadely, Civ. 
No. 98-1703, mem. op. at 15 (D.D.C. Aug. 9, 1999) ("mem. 
op.").

 Among the elements of a civil action for damages under the 
Privacy Act are that the agency disclosed "any record which 
is contained in a system of records by any means of communi-
cation to any person, or to another agency, except pursuant to 
a written request by, or with the prior written consent of, the 
individual to whom the record pertains...." 5 U.S.C. 
s 552a(b); see Pilon v. United States Dep't of Justice, 73 
F.3d 1111 (D.C. Cir. 1996); Tomasello v. Rubin, 167 F.3d 612 
(D.C. Cir. 1999). If his lawsuit went forward, there would 
come a time when Krieger would have to identify the particu-
lar records Fadely unlawfully disclosed. But that point sure-
ly was not as early as the pleading stage. Rule 8(a)(2) of the 
Federal Rules of Civil Procedure requires only a "short and 
plain" statement of the claim for relief. Factual detail is 
unnecessary. See Leatherman v. Tarrant County Narcotics 
Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993); 
Conley v. Gibson, 355 U.S. 41, 47 (1957). The district court 
observed that it did not have to take as true legal conclusions 
cast as factual allegations when deciding a Rule 12(b)(6) 
motion. Mem. op. at 15 (citing Kowal v. MCI Communica-
tions Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). What legal 
conclusions the court had in mind is uncertain. The district 
court agreed with the legal proposition that if Fadely's state-
ments revealed the contents of protected records this would 
be actionable, despite the fact that Fadely's statements were 
not themselves records. See Bartel v. FAA, 725 F.2d 1403, 
1408 (D.C. Cir. 1984). But according to the court, Krieger 
had not "alleged that Fadely's statements revealed any" 
information in a protected record. This is not accurate. The 
complaint claimed that "records" concerning Krieger were 
wrongfully disclosed, which necessarily means that informa-
tion in records had been revealed. True, this does not give 
much detail, but complaints "need not plead law or match 
facts to every element of a legal theory," Bennett v. Schmidt, 
153 F.3d 516, 518 (7th Cir. 1998). We agree with Judge 

Easterbrook, writing for the court in Bennett, that using Rule 
12(b)(6) rather than summary judgment under Rule 56 to 
weed out what appear to be factually-deficient cases may be 
incompatible with Rule 8. See 153 F.3d at 518-19.

 In short, Krieger's Privacy Act count alleged the essential 
elements of his claim and put the government on notice. 
Nothing more was required to survive a motion to dismiss for 
failure to state a claim. Count 8 therefore should be reinstat-
ed.

 We have considered Krieger's other arguments and reject 
them substantially for the reasons given in the district court's 
memorandum opinion and order dismissing the complaint 
under Rule 12(b)(1) and (6) of the Federal Rules of Civil 
Procedure.

 * * *

 For the foregoing reasons, the decision of the district court 
dismissing Krieger's complaint is

 Affirmed in part and reversed in part.