Alphonso JOINTER, Plaintiff–
Appellant,

v.

John E. POTTER, Postmaster General
and APWU AFL–CIO Chicago Local,
Defendants–Appellees.

No. 04–2552.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 21, 2004.*

Decided Oct. 22, 2004.

Alphonso Jointer, Chicago, IL, pro se.

Thomas P. Walsh, Office of the United
States Attorney, Stanley Eisenstein, Katz,
Friedman, Eagle, Eisenstein & Johnson,
Chicago, IL, for Defendants–Appellees.

Before MANION, EVANS, and SYKES,
Circuit Judges.

## ORDER

Alphonso Jointer filed a discrimination
suit under Title VII of the Civil Rights Act
of 1964, 42 U.S.C. §§ 2000e et seq., and
was given two opportunities to amend his
complaint to cure one basic defect, the
failure to state that the alleged discrimina-
tion was based on race. After he failed to
cure this defect, the district court dis-
missed Jointer's discrimination suit with
prejudice. The district court also dis-
missed Jointer's breach of fair representa-
tion claim against the union because it was

---

* After an examination of the briefs and the
record, we have concluded that oral argu-
ment is unnecessary. Thus, the appeal is

submitted on the briefs and the record. *See*
Fed. R.App. P. 34(a)(2).

time-barred. Jointer appeals and we affirm.

Jointer's lawsuit stems from claims that the Postal Service engaged in discriminatory employment practices, and that his union, the APWU–Chicago Local, breached its duty of fair representation by failing to file grievances protesting the Postal Service's failure to provide him either supervisor training and/or promote him to a supervisor position. Jointer alleged that he began working as a motor vehicle operator for the United States Postal Service in 1970, and that in 1983 he requested training for the position of Central Dispatch Officer but was denied. He says he finally received the requested training in 1991, and was allowed to serve as "acting supervisor," but was never officially promoted to supervisor. He claims that the Postal Service limited his training, thereby depriving him of further promotional opportunities. He alleges that at the time he received supervisor training, ten other employees were also trained, but the others were allowed to continue as supervisors in "acting" capacity until they were formally promoted to supervisor; by contrast he alleges that after serving only one year as "acting supervisor," he had to return to regular driving duties. In his complaint Jointer identifies 23 individuals, male and female, black and white, and generally less experienced, who were promoted to supervisor over him. Jointer further alleges that the Postal Service has continued to promote employees by placing them in an "acting supervisor" position, even though the EEOC specifically instructed the Postal Service to stop the practice. Finally, Jointer alleges that he was forced to retire because of this mistreatment.

Jointer originally filed his pro se complaint in June 2002, alleging that the Postal Service had discriminated against him in violation of Title VII and that three individual members of the union violated the collective bargaining agreement. The Postal Service moved to dismiss because Jointer failed to make out a prima facie case of discrimination. Individual union defendants also moved to dismiss. The district court dismissed, with prejudice, the claims against individual union members, but dismissed the Title VII claim without prejudice, pointing out that "[a]lthough he does allege that he was African–American and that he suffered from 'job discrimination' he never states that it was racial discrimination." The court went on to provide Jointer an opportunity to amend the complaint "to clarify this uncertainty regarding his Title VII claim." Jointer filed a first amended complaint, but the Postal Service filed another motion to dismiss, stating that "he is not stating a viable Title VII claim that the Postal Service discriminated against him on the basis of race." At a status conference the district court dismissed the first amended complaint and granted Jointer leave to file a second amended complaint, but made clear that he "would not be allowed any further amendments."

This second amended complaint alleged a Title VII claim, a breach-of-contract claim, and an intentional-infliction-of-emotional distress claim, against the Postal Service. The second amended complaint also charged the Union with breach of the duty of fair representation and intentional infliction of emotional distress.

This time the district court dismissed the Title VII claim with prejudice because Jointer never cured the original defect of failing to allege discrimination based on race. The court then declined to exercise supplemental jurisdiction over the two state law claims against the Postal Service. With regard to the claims filed against the Union, the district court dismissed the breach-of-duty claim as time-barred because the acts giving rise to the claim

occurred more than six months before the claim was filed. The court then declined to extend supplemental jurisdiction over the state claim of intentional infliction of emotional distress.

On appeal, Jointer does not specifically challenge the district court's decision to dismiss his Title VII claim, but instead raises a general argument that the court failed to address key factual assertions. From what we can discern from Jointer's statement on appeal that "the Whites do not have a an [sic] monopoly on discrimination," he appears to contend that both blacks and whites working for the Postal Service are experiencing discrimination. In addition, Jointer's factual assertions, establish that both black and white individuals with less work experience were promoted over Jointer. The issue then is whether Jointer's complaint should have survived dismissal when he failed to connect the alleged discrimination with his protected class.

We review dismissals under Rule 12(b)(6) de novo. *Strasburger v. Bd. of Educ., Hardin County Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 359 (7th Cir. 1998). The purpose of a 12(b)(6) motion, however, is to test the legal sufficiency of a pleading by accepting all the complaint's factual allegations as true. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir.2001). To have a cognizable discrimination claim under Title VII, the plaintiff must at the very least assert that the motive for discrimination is on account of a statutorily protected category, including race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–2(a); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.1998).

▪ The district court properly dismissed Jointer's Title VII claim because failure to assert his protected class as motive for the discrimination amounted to a failure to assert a claim upon which relief could be granted. Even assuming Jointer's factual assertions to be true, Jointer has not alleged that the motive for denying him a supervisor position was on account of his race. Without connecting the alleged discrimination with his protected class, Jointer has merely alleged that he was treated differently without pointing to a motive—a claim that is not actionable under Title VII.

▪ With respect to the claim that the Union breached its duty of fair representation, Jointer contends that the district court erred in concluding that the statute of limitations expired. According to Jointer, the Union has committed continuous and ongoing violations since 1975, and because the violation has persisted, the six-month filing limitation should not bar this claim. The Union however, argues that the acts Jointer attempts to litigate arose "years, if not decades, ago," and that litigating these acts now would go against a strong federal policy favoring prompt resolution of labor disputes.

The six-month filing limitation set forth in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) applies to "hybrid § 301/duty of fair representation" claims like the present case. *DelCostello v. Teamsters*, 462 U.S. 151, 152, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The statute of limitations begins to run when the claimant discovers, or in the exercise of reasonable diligence should have discovered. the acts constituting the alleged violation. *Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 914 (7th Cir.1999). To establish a continuing violation, a claimant must point to acts occurring within the limitations period. *Id.* at 915. Conduct within the six-month period, which is only unlawful in light of the conduct outside the six-month period, does not constitute a continuing violation to delay the statute of limitations. *Id.* (holding that the ag-

grieved party either knew or should have known that the union did not process her grievance in 1991, and thus she did not establish a continuing violation extending limitations period to 1997).

The district court correctly concluded that Jointer's claims against the union are time-barred, because "the wrongs complained of occurred many years earlier." In this case, Jointer has failed to identify any event occurring in the six-month period prior to his filing the lawsuit. Even assuming that Jointer means for the union's inactivity regarding his demotion in 1992 (the most recent employment decision alleged) as the alleged violation, that event occurred far outside the six-month period before he filed the suit. And any allegations of an ongoing violation would then have to relate back to the events in 1992, which could not possibly delay the statute of limitations. Jointer's claim is time-barred.

AFFIRMED