**Andrameda RANGEL, Plaintiff,**

v.

**Dorothy BROWN, Defendant.**

**No. 05 C 4954.**

United States District Court,
N.D. Illinois,
Eastern Division.

July 26, 2006.

Matthew T. Walsh, Daniel R. Johnson, Cozen & O'Conner, Chicago, IL, for Plaintiff.

Mary Carol Farmar, Chicago, IL, for Defendant.

## ORDER

BUCKLO, District Judge.

Plaintiff Andrameda Rangel ("Rangel") has brought a two-count amended complaint against Defendant Dorothy Brown ("Brown"), Clerk of the Circuit Court of Cook County, Illinois, alleging violations of 42 U.S.C. § 1983 (Count I) and Title VII of the Civil Rights Act of 1964, § 2000e (Count II). Rangel alleges that she was fired from Brown's office after filing a sexual harassment complaint against her immediate supervisor and Brown. Rangel claims Brown violated § 1983 by infringing upon her rights to free speech and equal protection. Brown has brought a motion to dismiss Count I of that complaint pursuant to FED.R.CIV.P. 12(b)(6). In considering such a motion, I must accept all well-pled facts in Rangel's complaint as true and, viewing the allegations in the light most favorable to Rangel, determine whether she can prove any set of facts to support her claim. *See Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir.2002); *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987); *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002).

In her response to Brown's motion, Rangel clarifies that Count I of her complaint is only brought against Brown in her individual capacity, so I need not consider Brown's arguments that Count I does not state a claim for liability against her in her official capacity. To the extent that Rangel's motion could be read to bring a § 1983 claim against Brown in her official capacity, Brown's motion to dismiss is granted.

To bring a § 1983 claim against Brown in her individual capacity, Rangel must allege some personal participation by Brown in the alleged deprivation of her constitutional rights. *See Payne ex rel. Hicks v. Churchich,* 161 F.3d 1030, 1039 (7th Cir.1998) (internal citation omitted) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Viewing the allegations in the light most favorable to Rangel, Rangel has alleged that Brown personally terminated her. This is enough to allege Brown was personally involved in the deprivation of Rangel's constitutional rights. Therefore, Rangel has stated a § 1983 claim against Brown in her individual capacity, and I deny Brown's motion to dismiss as to this portion of Count I.

Brown further contends that Rangel has failed to state a § 1983 claim for violation of her right to equal protection because Rangel has not specifically alleged that she was treated differently than similarly-situated male employees. In order to prevail on an equal protection claim under § 1983, a plaintiff must show that 1) she is a member of a protected class; 2) she was similarly situated to individuals not of the protected class; 3) she was treated differently than those similarly-situated individuals; and 4) those who treated her differently acted with discriminatory intent. *Johnson v. City of Fort Wayne,* 91 F.3d 922, 944 (7th Cir.1996). Rangel's equal protection claim is predicated on the allegation that she was discharged for complaining about sexual harassment, and that this discharge "frustrated her ability to exercise her right to be free from sexual harassment." To establish discriminatory intent, she must show that she was discharged for complaining about sexual harassment "at least in part 'because of,' not merely 'in spite of,' its adverse effects upon" female employees. *Personnel Adm' v. Feeney,* 442 U.S. 256, 279, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979). She must show that she was discriminated against as a woman, and not merely as an individual. *See, e.g., Huebschen v. Dep't of Health and Soc. Servs.,* 716 F.2d 1167, 1171–72 (7th Cir.1983). Viewing Rangel's allegations in the light most favorable to her, her allegation that she was discharged for complaining about sexual harassment in violation of her right to equal protection contains the inference that she was discharged at least in part because she was a woman, and that similarly situated male employees were treated differently than she was. Federal notice pleading does not require a more specific allegation at this stage of the case. *See Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998) ("Complaints need not plead law or match facts to every element of a legal theory"). Brown's motion to dismiss the equal protection component of Count I is therefore denied.