NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 27, 2011[*]
Decided July 28, 2011

*Before*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1505

| | |
|---|---|
| KIRTI A. MEHTA, <br>     *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | 10 C 2253 |
| BEACONRIDGE IMPROVEMENT ASSOCIATION, *et al.,* <br>     *Defendants-Appellants.* | Blanche M. Manning, <br> *Judge.* |

**O R D E R**

Kirti Mehta sued his homeowners' association, Beaconridge Improvement Association, its board, and two of its employees, claiming that they discriminated against his family on the basis of their national origin (Indian) by depriving them of services

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

provided to white residents. The district court concluded that his allegations were insufficient to state plausible claims of discrimination or retaliation under the Fair Housing Act (FHA), 42 U.S.C. §§ 3601 *et seq*. Mehta appeals. We vacate in part and remand for further proceedings.

For purposes of this appeal, we accept as true the allegations in Mehta's pro se pleadings and draw all reasonable inferences in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 90 (2007), *McGowan v. Hulick*, 612 F.3d 636, 638, (7th Cir. 2010). Mehta resides in Beaconridge, a multi-unit residential subdivision in Bolingbrook, Illinois. The Beaconridge Improvement Association is a homeowners' association that provides management and maintenance services in the common areas of the subdivision. Mehta alleges that the association dispenses those services in a discriminatory fashion, granting preferential treatment to white residents, while withholding privileges from his family and other minority residents. He alleges that the association performs various services—planting grass and gardens; repairing roofs and aluminum siding; maintaining sidewalks, sump pumps, and parking spots—for white residents that the association withholds from his family and other minority residents. Worse yet, he says, the association fined his family for failing to maintain the common areas around their home.

After Mehta complained of this disparate treatment, the association placed his family's account on delinquent status and barred them from using the subdivision's pool, club house, and tennis court. The association then performed uncalled-for work on their gate (switching the gate from swinging inward to outward) without providing them notice or obtaining their consent, and billed them for it. When Mehta's family refused to pay, the association fined them and threatened to place a lien on their home. Apparently fed up with their complaints, one of its employees shouted at him, "you are not moved out yet, you Indian."

Mehta sued under the Fair Housing Act, *see* 42 U.S.C. §§ 3604(b), 3617, and Illinois law, *see* ILCS 605/18.4. His complaint can be construed to claim that the defendants discriminated against his family on account of their national origin and then retaliated against them after they complained. Mehta also charged the defendants with committing the state-law tort of "willful and wanton misconduct."

At screening, *see* 28 U.S.C. § 1915(e)(2)(B), the district court applied *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1946 (2009), and dismissed his complaint after characterizing his claims as conclusory. The court believed his discrimination claim "baldly stated that the defendants' actions were motivated by discriminatory animus." The court also found that Mehta "neither specifies the basis of the alleged discrimination nor the allegedly discriminatory acts," nor did he support his retaliation claim by any specifics.

Mehta then filed an amended complaint advancing virtually the same claims, though he added new allegations that the association had, in years past, conspired with police officers to disregard minority residents' complaints of crime. This time the district court dismissed Mehta's claims of discrimination and retaliation under the FHA and Illinois law with prejudice. The court again characterized his claims as conclusory, resting on "naked assertions devoid of further factual enhancement." The court, however, viewed the amended complaint as potentially stating a claim of conspiracy to deprive Mehta's civil rights under section 1983 and, therefore, allowed him to proceed with the claim. So Mehta amended his complaint a second time, elaborating upon the conspiracy claim with additional details. But because the amended complaint showed that the conspiracy fell outside the relevant two-year statute of limitations, the district court dismissed it as untimely.

The FHA grants homeowners a cause of action against homeowners' associations for invidious discrimination or retaliation linked to the terms, conditions, or privileges accompanying their property. *See* 42 U.S.C. §§ 3604(b), 3617; *Bloch v. Frischholz*, 587 F.3d 771, 779-84 (7th Cir. 2009) (*en banc*). Like the FHA, Illinois law grants homeowners a cause of action against their homeowners' association if its board breaches fiduciary duties by engaging in discrimination or retaliation. *See, e.g., Bd. of Dir. of 175 East Delaware Place Homeowners Ass'n v. Hinojosa*, 679 N.E. 2d 407, 890-91 (Ill. App. Ct. 1997).

On appeal Mehta challenges the district court's dismissal of his FHA and Illinois law claims. He contends that he pleaded sufficient grounds, under Rule 8(a)(2) of the Federal Rules of Civil Procedure, to provide the defendants with fair notice of his claims of intentional discrimination and retaliation. In response, the defendants argue that his pleadings fall short, that his allegations are bare conclusions and implausible.

Under Rule 8(a)(2), a complaint need provide only a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Pleaders must provide opposing parties fair notice of the nature of their claims, the basis of their claims, and a general indication of the type of litigation that is involved. *Iqbal,* 129 S. Ct. at 1949; *Brooks v. Ross*, 578 F.3d 574, 580-81 (7th Cir. 2009). At the pleading stage, the test is not whether the plaintiff will ultimately prevail, but rather whether the pleading is sufficient to cross this minimal threshold. *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011). To cross the threshold, a plaintiff must provide enough details about the subject matter of the case to present a story that holds together. *Erickson*, 551 U.S. at 93; *Swanson v. Citibank*, 614 F.3d 400, 404 (7th Cir. 2010). We ask whether the story could have happened, not whether it did. *See Skinner*, 131 S. Ct. at 1296; *Swanson*, 614 F.3d at 404. *See also In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 629 (7th Cir. 2010).

We conclude that the district court too quickly characterized Mehta's claims of invidious discrimination and retaliation as conclusory, especially given its duty to interpret his pro se complaint liberally. *See Erickson*, 551 U.S. at 90; *McGowan*, 612 F.3d at 640. Under the FHA, a homeowner may sue a homeowners' association if the association engages in invidious discrimination when failing to provide maintenance services or when limiting the use of privileges, services, or facilities associated with the homeowner's dwelling. *See* 42 U.S.C. § 3604(b); *Bloch*, 587 F.3d at 780-81; *Comm. Concerning Cmty. Improvement v. Modesto*, 583 F.3d 690, 713 (9th Cir. 2009) ("[T]he reach of the [Fair Housing Act] encompasses claims regarding services or facilities perceived to be wanting after the owner or tenant has acquired possession of the dwelling."); *see also* 24 C.F.R. § 100.65(b)(2)-(4); *Savanna Club Worship Serv. v. Savanna Club Homeowners' Ass'n*, 456 F. Supp. 2d 1223, 1230 (S.D. Fla. 2005) ("[P]art and parcel of the purchase of a home within a planned community are the rights and privileges associated with membership within the community."). With regard to Mehta's claims of discrimination, he alleged that the association doled out privileges and services to white homeowners, while withholding them from his family. He further alleged that the association failed to maintain their home's aluminum siding, roof, sump pump, sidewalk and parking space, while providing those services to white homeowners; and the association engaged in preferential treatment when maintaining the grounds of the subdivision. And Mehta alleged that an association employee shouted at him in racial terms, "you are not moved out yet, you Indian." These allegations suffice to state a plausible claim of discrimination. *See Swanson*, 614 F.3d at 404-04; *Bennett v. Schmidt*, 153 F.3d 516, 518-19 (7th Cir. 1998).

With regard to Mehta's claim of retaliation, the FHA makes it unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of their fair housing rights. *See* 42 U.S.C. § 3617; *Bloch*, 587 F.3d at 782-83; *see also* 24 C.F.R. § 100.400(c)(1)-(2); *United States v. Altmayer*, 368 F. Supp. 2d 862, 863 (N.D. Ill. 2005). Mehta alleged that, after he complained of disparate treatment, the association retaliated against his family by "not allowing [his] family to go to [the] pool" or to facilities such as the "clubhouse, pool, and tennis court." He pleaded, as well, that the association maliciously designated their account as delinquent and then performed nonsense work on their fence, billed them for it, and later threatened to file a lien on their home. Mehta has, therefore, provided fair notice of his retaliation claim.

We conclude, however, that the district court properly dismissed Mehta's remaining § 1983 and "willful wanton misconduct" claims. Under § 1983, plaintiffs must file suit within two years if they complain of conduct arising in Illinois. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); 735 5/13-202. Except for three incidents unconnected to the alleged conspiracy, the conduct Mehta complains of falls outside this two-year statute of limitations. He alleged that the conspiracy expired in 2006, yet did not file his initial

complaint until April 2010. The district court, therefore, properly dismissed the claim as untimely. Mehta also claimed that the association committed the tort of "willful wanton misconduct" by adopting the Illinois Condominium Property Act. But he offered no basis or grounds for the claim, and the district court therefore properly dismissed it.

In summary, the judgment of the district court is AFFIRMED with regard to the dismissal of his claims under § 1983 and for willful wanton misconduct, and VACATED with regard to the dismissal of the FHA and Illinois law claims of intentional discrimination and retaliation. The case is REMANDED for further proceedings consistent with this decision. On remand, the district court might wish to consider recruiting counsel.