NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2015[*]
Decided October 28, 2015

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-1350

| | |
|---|---|
| POLINA (PAULA) SAMOVSKY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 14 C 9381 |
| NORDSTROM, INC., | |
| *Defendant-Appellee.* | Harry D. Leinenweber, |
| | *Judge.* |

**O R D E R**

Polina (Paula) Samovsky appeals the dismissal at screening of her employment-discrimination complaint for failure to state a claim. Because the dismissal was premature, we vacate and remand.

---

[*] The defendant was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

On a form complaint, Samovsky ticked off boxes asserting that Nordstrom failed to hire her because of her sex, national origin, religion, and age. *See* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e2-a(1); 29 U.S.C. § 621. She attached to her complaint a charge of discrimination filed with the EEOC that included an affidavit in which she elaborated about her unsuccessful quest to apply online for a retail position with Nordstrom. The affidavit is rambling and confusing, but she essentially describes having a brief phone conversation with a Nordstrom's human resources representative, who, she believes, did not like her accent, discerned her age from the sound of her voice, and identified her religion from her last name. Despite previous retail experience, she was not hired, and she was rejected each of the 200 times that she submitted applications over the course of two and a half years.

The district court screened Samovsky's complaint, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), concluded that the complaint did not state a claim, and dismissed it with prejudice. Samovsky, the court explained, did not allege anything to suggest that anyone at Nordstrom behaved in a discriminatory manner towards her or "even knew anything at all about her." Even under lax federal pleading standards, the court continued, "a discrimination complaint based upon pure speculation and conjecture is not enough to cut it."

On appeal, Samovsky generally challenges the dismissal of her complaint.

The district court erred in dismissing Samovsky's complaint because she did state a claim for employment discrimination. Although we sympathize with the district court in having to sift through extraneous, often indecipherable statements, Samovsky's submission—construed liberally, *see Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027–28 (7th Cir. 2013)—does state a claim of employment discrimination. At bottom she says that, despite being qualified, she was not hired because she was discriminated against on account of her national origin, sex, age, and religion. Indeed, "'I was turned down for a job because of my race' is all a complaint has to say." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)). Though buried under a mound of superfluous, repetitious, and irrelevant assertions, Samovsky's allegations do say at least this much.

We therefore VACATE the judgment and REMAND for further proceedings.