G. Allan SIRMANS, et al., Plaintiffs,

v.

Louis CALDERA, Secretary of the Army,[1] Defendant.

No. Civ.A. 98–278(RCL).

United States District Court, District of Columbia.

Nov. 5, 1998.

1. Louis Caldera, the current Secretary or the Army, is substituted as a party to this action pursuant to Federal Rule of Civil Procedure 25(d) as the successor to Robert M. Walker, who was the originally named defendant.

Christopher Alexander Sterbenz, Vienna, VA, for Plaintiffs.

David Bono, U.S. Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the court on plaintiffs' motions for leave to file an amended complaint and for limited discovery and a continuance. For the reasons briefly outlined below, plaintiffs' motion for leave to file an amended complaint is denied, and the motion for limited discovery and a continuance is granted, as set forth in the orders issued this date.

### I. *Background*

This case involves a challenge to the affirmative action program used by the United States Army in the selection of officers in its Judge Advocate General Corps for promotion to the rank of colonel. Without going into great detail, the challenged procedure involves what is known as a "relook and revote" procedure. According to the instructions given by the Army to the promotion boards, all officers eligible for elevation are evaluated based on a review of their personnel files and initially ranked in order of qualification for promotion. The promotion board is then required to collect statistics setting out the rate of promotion for several identified minority groups on the basis of race and gender. If the board finds that a particular racial or gender group has been initially "underselected" for promotion in proportion to the number of candidates from that particular group, then the board must conduct a second review of the files of each member of the underselected minority group. This "relook" is intended to determine if any of the personnel files show evidence of discrimination against the individual officer whose file is being reviewed.

If a majority of the board does find evidence of discrimination against one of the individual officers, then that officer must be "revoted." On this revote, the board members are instructed to take into consideration the evidence of discrimination, in an effort to avoid perpetuating the effects of past race and gender discrimination. The officer is assigned a new qualification ranking, which may be higher or lower than the candidate's initial ranking; in either event, it is the revote ranking that is determinative of the officer's position on the final list. According to the number of available positions, then, the highest ranking candidates are recommended for promotion.

Plaintiffs are two lieutenant colonels who were denied promotion by two separate promotion boards in 1997 using these procedures. Plaintiffs subsequently brought this action, claiming that the procedures violated their constitutional rights guaranteed by the equal protection component of the Fifth Amendment. Each side filed motions for summary judgment. Plaintiffs now request leave to file an amended complaint adding claims under the Privacy Act, and they have also moved for a continuance of the briefing schedule and discovery to allow them to oppose defendant's motion for summary judgment.

### II. *Amended Complaint*

█ As this court has noted in the past, leave to file an amended complaint should be denied where the factual allegations of the amendments do not state a claim that would survive a motion to dismiss. *See Crist v. Republic of Turkey*, 995 F.Supp. 5, 8–9 (D.D.C.1998); *Monroe v. Williams*, 705 F.Supp. 621, 622–23 (D.D.C.1988) (discussing the relevant caselaw). Plaintiffs here have made essentially two allegations in support of

their proposed Privacy Act claim: (1) that the promotion board which declined to promote them in 1997 did not review their personnel records for evidence of past discrimination (as it did for some race and gender minority personnel under consideration), and (2) that where the board may have found evidence of such discrimination in the personnel records of other officers, the Army failed to correct the records. Neither allegation states a claim under the Privacy Act.

### A. Failure to Review Plaintiffs' Records for Evidence of Discrimination

As a preliminary matter, it appears that plaintiffs have not properly exhausted their administrative remedies as required by 5 U.S.C. § 552a(g)(1)(A). While plaintiff Sirmans did petition the Army Board for the Correction of Military Records, challenging his nonpromotion on several grounds, the ABCMR's opinion does not indicate that either of the particular objections that plaintiffs propose to add to their complaint were raised before that administrative board. The Court is unaware of any petition of the ABCMR whatsoever by plaintiff Bucchholz. Also, plaintiffs apparently ask for declaratory relief pursuant to 5 U.S.C. § 552a(g)(1)(C), even though that section of the Act provides only for damages.

In any event, plaintiffs have offered no allegation of a causal nexus between any inaccuracies in their records and the failure to promote them, as required to state a claim under section 552a(g)(1)(C). *See Hubbard v. U.S. EPA, Administrator,* 809 F.2d 1, 4–5 (D.C.Cir.1986). In fact, plaintiffs have alleged no actual errors in their personnel records that the Army has failed to correct; they allege only that the Army failed *to look* for errors. Plaintiffs do not, however, claim that the "relook and revote" procedure used by the promotion board in considering some minority personnel is mandated by the Privacy Act for all personnel. Instead, they claim that the Army may not use it for some servicemen and servicewomen and not for others. Whether or not this policy violates any rights of the plaintiffs, it certainly is not addressed by the provisions of the Privacy Act.

### B. Failure to Correct the Records of Other Officers

With regard to the second allegation, a Privacy Act plaintiff must assert his or her own legal rights under the Act and not the rights of others. *See Laxalt v. McClatchy,* 809 F.2d 885, 891 (D.C.Cir.1987); 5 U.S.C. § 552a(g)(1) (referring throughout to "individual"). Plaintiffs, therefore, may not object to the Army's failure to correct the records of other officers.

Plaintiffs have failed to make out any claim under the Privacy Act. The amended claim could not survive a motion to dismiss. Plaintiffs' motion for leave to file an amended complaint is therefore denied.

### II. *Discovery*

Plaintiffs in this action filed a motion for summary judgment on March 12, 1998. Defendant filed a response and cross-motion for summary judgment on May 22, 1998, along with the administrative record and three voluminous affidavits in support of its motion. Instead of filing a reply and response to the defendant's cross-motion, plaintiff filed this motion for discovery and a continuance. With their brief in support of the motion for discovery and a continuance, the plaintiffs submitted an affidavit explaining that discovery was necessary to permit them to oppose the defendant's motion for summary judgment, specifically with regard to the statistical evidence offered in the defendant's affidavits.

Federal Rule of Civil Procedure 56(f) permits a court to order a continuance pending discovery when a party opposing summary judgment shows in its affidavits that it cannot present facts essential to its opposition. The purpose of this rule is to guard against the improvident granting of summary judgment, and the rule is consequently applied with a spirit of liberality. *See* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2740, at 402 (1998).

Defendant argues that discovery is nevertheless inappropriate in this case be-

cause it involves review of agency action.[2] It is correct that review of agency decisionmaking is generally confined to the administrative record as considered by the agency at the time of the decision. *See Environmental Defense Fund, Inc. v. Costle,* 657 F.2d 275, 284 (D.C.Cir.1981) (citing *Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973)). This general rule, however, is subject to a number of exceptions, *see id.* at 285, all aimed at ensuring adequate review by the trial court, within the parameters of proper deference to the agency.[3] Here, the defendant submitted its motion for summary judgment with affidavits attached that together are over twice the size of the administrative record, yet the defendant would have this Court deny plaintiffs discovery based on the sanctity of the administrative record. The defendant simply cannot have it both ways. *Cf. Baker v. United States,* 127 F.3d 1081, 1088 (Fed.Cir.1997) ("The government cannot now argue that it wishes to reveal some, but not all, of the relevant information concerning the conduct of the [Board]."). Plaintiffs are entitled to discovery relating to all materials outside of the administrative record on which defendant relies in its motion for summary judgment. While this discovery should be aimed primarily at developing facts for the purposes of opposing defendant's summary judgment motion, the Court does not intend to limit the depth and breadth of discovery legitimately related to the issues raised in defendant's affidavits. *Cf.* Wright et al., § 2740, at 412.

To permit plaintiffs' 56(f) discovery, a continuance is granted, and the parties are ordered to provide the Court with a joint report on the status of the discovery as set forth in the order issued this date.

**2.** At the hearing on plaintiffs' motion, the government also argued that discovery is unnecessary in this case because, as a matter of law, the selection procedures challenged by the plaintiffs are not racial and gender classifications that implicate the equal protection component of the Fifth Amendment. Based on the current record, and in light of the skeptical attitude traditionally taken by the courts when considering classifications of this nature, the government's argument is unpersuasive. *Cf. Baker v. United States,* 127 F.3d 1081 (Fed.Cir.1997) (vacating summary judgment for the government in case involving similar procedures by Air Force retirement

### III. *Conclusion*

For the reasons set forth above, plaintiffs' motion for leave to file an amended complaint will be DENIED, and plaintiffs' motion for limited discovery and a continuance will be GRANTED, according to the terms of the orders issued separately this date.

board). The promotion procedure utilizes race and gender classifications that must be subjected to strict and intermediate scrutiny, respectively, and discovery is necessary to facilitate a full and careful review under those exacting standards.

**3.** The Court would also note that the broad deference afforded agency adjudications is not appropriate where the issue being reviewed is the agency's interpretation of the Constitution. Constitutional interpretation is uniquely the province of the Article III courts.