NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 15, 2013[*]
Decided March 25, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 12-3779

| | |
|---|---|
| DAVID PETROVIC, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 12 C 8677 |
| ENTERPRISE LEASING COMPANY OF | |
| CHICAGO, LLC, *et al.,* | Amy J. St. Eve, |
| *Defendants-Appellees.* | *Judge.* |

## O R D E R

David Petrovic appeals the dismissal of his complaint alleging that a rental agency discriminated against him on the basis of his race (white) and disability by refusing to rent him a car, and covered up the theft of $1,400 from his bags, which had been stored in one of the agency's  vehicles. He names as defendants Enterprise Leasing Company of Chicago,

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

LLC and other related corporate entities(which we refer to collectively as Enterprise for sake of simplicity) as well as several Enterprise employees and corporate executives. Before service on the defendants, the district court dismissed the complaint for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1). We conclude that Petrovic has stated a claim under 42 U.S.C. § 1981 only, and thus we vacate the judgment in part and remand for further proceedings.

We accept as true the allegations in Petrovic's complaint. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). Petrovic arranged for an Enterprise employee to pick him up at his home in October 2008 and drive him to an Enterprise rental site to rent a car. Petrovic spoke to the site manager, Hans Uslar, who upon noticing Petrovic's cane asked if he was disabled. When Petrovic replied that he was, Uslar told him that because he is "white and disabled and not black and disabled" he could rent a car only if he provided copies of receipts or stubs reflecting his social security payments. Petrovic did not have these documents with him. While he remained at the site, he saw Uslar rent cars to a black man and a Hispanic woman, neither of whom appeared disabled, without requesting any proof of income. He confronted Uslar about this disparity; Uslar explained that "white disabled people are always broke" and again refused to rent him a car even after he logged on to his bank account using the company's computer to show Uslar his positive bank balance.

When Petrovic first arrived at the rental site, he had asked the driver to store his luggage temporarily in a car. The luggage contained his yearly tax statements, and Petrovic attempted to retrieve those statements from his bags as proof of his ability to pay. When he went outside, however, he realized that the vehicle in which his bags were stored was no longer there. He demanded his bags, and when the vehicle with them returned an hour later, Petrovic noticed that $1,400 in cash was missing. Uslar refused to speak with him about the missing cash, and Petrovic stormed out to complain to the local police about the theft.

Almost four years later, Petrovic filed this suit, alleging that the defendants violated numerous federal and state laws by discriminating against him and conspiring to cover up the theft. Many of these laws were frivolously invoked, but Petrovic takes issue with the district court's resolution of three of them, so we discuss these. First, the district court dismissed his claim under 42 U.S.C. § 1985(3) because he did not allege that the defendants "conspired with a state actor to deprive him of his constitutional rights." Second, the court dismissed Petrovic's claim of racial discrimination under 42 U.S.C. § 1981 because it found nothing "fishy" about Uslar's inquiries into Petrovic's finances, especially given that, at least according to the court, Petrovic was not paying with a credit card like the other two customers to whom Uslar rented cars. Finally, the district court passed over in silence Petrovic's public-accommodation claims under Title II of the Civil Rights Act of 1964, *see* 42

U.S.C. § 2000a, and Title III of the Americans with Disabilities Act, *see* 42 U.S.C. § 12182. (Instead, the court analyzed Title VII of the Civil Rights Act and Title II of the ADA.)

Petrovic first challenges the district court's dismissal of his claim under 42 U.S.C. § 1981, which prohibits private actors from discriminating on the basis of race against those seeking to make and enforce contracts. *See CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 447-48 (2008). Petrovic argues that Enterprise admitted that it was discriminating based on race when its site manager told him that the company cannot rent to him without proof of income "because he is white." Moreover, as Petrovic clarifies in his appellate brief, he was comparable to the two other customers to whom Uslar did rent cars because, like them, he also intended to pay by credit card. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Petrovic's allegations that Enterprise refused to rent him a car because he is white, and did rent cars to a comparable black man and a Hispanic woman, suffice to state a plausible claim of race discrimination. *See Rapid Test Prods., Inc. v. Durham Sch. Servs.*, 460 F.3d 859, 860–61 (7th Cir. 2006); *cf. Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (plaintiff's allegation that "I was turned down for a job because of my race" sufficed to survive motion to dismiss employment discrimination claim). (The district court's reliance on *Hague v. Thompson Distrib. Co.*, 436 F.3d 816 (7th Cir. 2006), was misplaced because *Hague* addresses the type of evidence that Petrovic would need to submit at summary judgment if he proceeded under the indirect method of proof under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). But subjecting Petrovic to that evidentiary obligation was premature and does not apply to the evaluation of the sufficiency of a complaint alleging race discrimination. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002).)

Only two defendants are proper, however: Uslar and his employer, Enterprise Leasing Company of Chicago, LLC. Petrovic alleges that Uslar refused to rent him a car because of his race. This allegation adequately alleges a basis for liability against both Uslar personally and his employer, for whom he acted as agent. *See Smith v. Bray*, 681 F.3d 888, 899 (7th Cir. 2012). But the other defendants, who lack any personal involvement, were properly dismissed. *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 229 (2d Cir. 2004); *Cardenas v. Massey*, 269 F.3d 251, 268 (3d Cir. 2001).

Petrovic next attempts to revive his claims under 42 U.S.C. § 1985(3) against all defendants to recover for alleged theft. To be actionable under § 1985(3), a purely private conspiracy, which is all Petrovic alleges, must interfere with the Thirteenth Amendment right to be free from involuntary servitude. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993); *see also Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1024 n.20 (7th Cir. 2000).

Petrovic alleges nothing about slavery; rather he focuses only on his right to equal protection, guaranteed by the Fourteenth Amendment only against state action. *See Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). Accordingly, this claim fails.

Lastly, Petrovic contests the district court's failure to address his public-accommodation claims. He seeks only money damages, however, and does not argue that he wants injunctive relief, or that any injunctive relief remains available to him. And neither statute provides for monetary relief. *See* 42 U.S.C. §§ 2000a-3(a), 12188(a)(1); *Newman v. Piggie Park Enter., Inc.*, 390 U.S. 400, 402 (1968); *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1174 (9th Cir. 2010); *Powell v. Nat'l Bd. of Med. Exam'r*s, 364 F.3d 79, 86 (2d Cir. 2004). These claims, therefore, properly remain out of the case.

We have considered Petrovic's remaining contentions, and all are without merit. Accordingly, the judgment of the district court is VACATED and REMANDED as to Petrovic's claim under 42 U.S.C. § 1981 against Enterprise Leasing Company of Chicago, LLC and Uslar only. With respect to the remainder of Petrovic's complaint, the judgment is AFFIRMED.