**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 7, 2015*
Decided October 13, 2015

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 15-1352 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| DAVID PETROVIC, *Plaintiff-Appellant,* | |
| *v.* | |
| ENTERPRISE LEASING COMPANY OF CHICAGO, LLC, *et al.,* | No. 12 C 8677 Amy J. St. Eve, *Judge*. |
| *Defendants-Appellees.* | |

**Order**

　　We remanded this case for consideration of a claim under 42 U.S.C. §1981 but held that other claims had been properly dismissed. *Petrovic v. Enterprise Leasing Co.*, No. 12-3779 (7th Cir. Mar. 25, 2013). On remand, the district court granted summary judgment

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

to the defendants, ruling that plaintiff could not show that racial animus caused the action of which he complains.

Petrovic attempted to rent a car from Enterprise. He contends that Hans Uslar, who managed the rental location, refused to rent to him because he is white and disabled. He maintains that Uslar told him that disabled white people are always broke and cannot pay. While Petrovic was there, Uslar rented one car to a black customer and another to a Hispanic customer; he contends that his race accounts for Uslar's refusal to rent a car to him.

The record developed on Enterprise's motion for summary judgment shows that the other customers paid with credit cards, while Petrovic attempted to use a debit card. Enterprise's corporate policy is that a customer using a debit card must have at least $150 plus the anticipated cost of the rental available in the account linked to the card, and must produce some documents showing employment or another source of income. Unaware of this policy, Petrovic did not come with the documents Enterprise requires. He used one of Enterprise's computer terminals to access his bank account, in an effort to show Enterprise that funds were available—but the computer reported a balance of $4.06. Petrovic says that he had anticipated using a $25 overdraft protection to pay for the rental, but the district court concluded that the $4.06 balance made a rental impossible under Enterprise's rules.

Petrovic does not contend that those rules were adopted to discriminate against any race, and the record does not offer any support for a claim that these rules are enforced only against white potential customers. The district judge assumed that Uslar was indeed prejudiced against white, disabled, customers, but concluded that his attitude did not have any effect, because a black customer who wanted to use a debit card but had less than $150 available could not have rented a car. That decision is not erroneous.

Although Petrovic contends that the discovery that placed some of these facts into the record invaded his privacy, no one can file suit and then keep secret facts that are material to the litigation's disposition. The district court did not err in managing the discovery or in any other fashion.

Remaining contentions do not require discussion.

AFFIRMED